IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-23-BO

| | | |
|---|---|---|
| GENEVA JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18, 20]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Edenton, North Carolina on April 25, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 20] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff filed her applications on July 15, 2013, alleging disability dating back to June 19, 2013. Plaintiff's applications were denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ). The ALJ issued a decision on August 3, 2016, finding that plaintiff was not disabled. In April 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In June 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g). [DE 5]. In December 2018, plaintiff moved for judgment on the pleadings. [DE 18]. Defendant moved for judgment on the pleadings in February 2019. [DE 20]. A hearing was held before the undersigned in Edenton, North Carolina on April 25, 2019. [DE 23].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R.

§ 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform her past relevant work activities, she was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing medium work with some exertional and non-exertional limitations.

3

The ALJ's RFC finding is not supported by substantial evidence in the record. First, the ALJ plainly failed to properly account for plaintiff's limitations in concentration, persistence, and pace (CPP). The ALJ found at step three that plaintiff had moderate CPP limitations, but in assessing plaintiff's residual functional capacity, included only limitations for "simple, routine and repetitive tasks." [Tr. 80]. But the Fourth Circuit has previously held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit in *Mascio* went on to say that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Here, the ALJ's limitation of plaintiff to simple, routine tasks was not an appropriate accommodation of her moderate limitations in CPP, and the ALJ provided no reasons for not incorporating further work-related limitations. At a minimum, the case must be remanded for further proceedings consistent with *Mascio*.

But, more seriously, the ALJ failed to conduct a function-by-function analysis and adequately explain the basis for the medium-work RFC. In determining a claimant's residual functional capacity, an ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence and may include a claimant's own description of limitations, such as pain. *Id.* Social Security Ruling 96-8p directs ALJs to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before determining the level of work the claimant can perform. *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). While the Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by function analysis," remand "may be

4

appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citing *Mascio*, 780 F.3d at 636).

Here, the ALJ did not adequately justify the determination that plaintiff was capable of performing medium work, given the difficulty that plaintiff has with lifting and prolonged standing and walking. There is extensive evidence in the record to support plaintiff's inability to perform medium work, and her past work experience does not reflect medium work. The ALJ never adequately explains his reasoning for finding that plaintiff is capable of performing medium work in spite of the weight of the medical evidence. This is particularly troubling given that plaintiff was 62 years old when she stopped working in June 2015, and is now 66 years old. As a result, a finding of disabled would have been directed had the ALJ found that plaintiff was limited to sedentary or even light work. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x II §§ 201.06; 202.06. In *Monroe*, the Fourth Circuit was concerned with an ALJ's failure to draw a logical connection between the medical evidence and the RFC. The ALJ's decision must be reversed.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the

record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. It is wholly established from the record that plaintiff cannot perform medium work and can only perform, at best, light work. As a result, a finding of disabled is required. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x II §§ 201.06; 202.06. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 20] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 5 day of May, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE